**GERMAN Et Ux. vs. NICHOLLS Et Al.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The legitimate daughter will inherit the property of her deceased mother to the exclusion of an illegitimate son, not born in wedlock.

Property purchased under the husband's own judgment becomes a part of the community; although it may entitle him to the *price* which he paid for it, as a charge in the settlement of the community.

This is an action instituted by the plaintiff, Thomas German and his wife Edna Wood, to recover the undivided half of two lots in the city of New Orleans, in right of her mother, the late Nancy Nicholls. She alleges and shows that her mother had intermarried with one Reuben Nicholls, and that during the marriage, the lots in question were acquired, and were part of the community existing at her mother's death, between her and her husband.

She further shows that, the defendant, Nathan Nicholls, is in possession of said property without any right or title to it; at least to one undivided half, and prays judgment for her interest and part therein.

The defendant denied the plaintiff's right, as heir or other- wise, or that any community ever existed between Nancy Wood and Reuben Nicholls. He sets up title in virtue of a sheriff's sale. Reuben Nicholls now intervened and claimed the property in his own right and as never having been divest- ed of his title. He denied both the plaintiff's and defendant's titles or claims to the disputed premises.

Upon these issues the case was tried. The evidence of the case is fully stated in the opinion of this court. There was judgment in favor of the plaintiff for only one fourth of the property she claimed; the District Judge being of opinion there was another heir. The petition of intervention was dis- missed and the intervenor appealed. By agreement, the ap- peal comes up as to all the parties.

*Benjamin,* for the plaintiff, insisted on her right to recover:
46 VOL. XVIII.

EASTERN DIS. 1. The property described in plaintiff's petition was clearly
May, 1841. community property, and the community existed at the death
GERMAN ET UX. of plaintiff's mother.   She is shown to be the only legitimate
vs.
NICHOLLS ET AL. heir of her mother, and as such is entitled to all her mother's
interest in the community.   La. Code, arts. 2314, 2371—see
also La. Code, 1401, 2, 4, and the note of Sirey thereon—also
1 La. Rep. 520.

2. The sale in the suit of Hanse & Hepp vs. R. Nicholls
has not divested the title of Mrs. Nicholls or her heirs.—They
were never made parties.—The debt for which the property
was sold was a private debt of R. Nicholls, contracted before
the marriage, for which community property could not be
made liable; La. Code, art. 2372.   The sale was made after
Mrs. Nicholls' death, and on its face purports to convey noth-
ing but the title of R. Nicholls.   The plaintiff therefore prays
that the judgment of the court below be amended in her favor
as prayed for in the answer to the appeal.

*Roselius*, for the defendant, insisted that the evidence did
not show that the plaintiff's wife was the legitimate heir of Mrs.
Nicholls, whose real name was Nancy Trice ; and further, that
there was no community of property existed between Nancy
Trice and Reuben Nicholls.   She was the lawful wife of ano-
ther man, with whom she had lived.

2. The evidence shows that Reuben Nicholls was divested
of all title to these lots by the sheriff's sale to Nathan Nicholls,
the defendant.   That he holds by a good and valid title and
cannot be evicted by the pretensions of either of the adverse
parties to this suit.

*M. M. Robinson*, for the Intervenor, made the following
points :

AS AGAINST THE DEFENDANT :

1. The sale under which he claims was fraudulent and void.
See testimony of Burrough's for what occurred at the sale,

and the cases of *Sides* vs. *M'Cullough*, 7 *Martin*, 654; *Brous-sard* vs. *Sudrique*, 4 *La. Rep.*, 347, and *Brown*, &c. vs. *Cobb*, &c., 10 *Idem*, 172; that parol evidence is admissible under the circumstances of the case.

2. The defendant was incompetent to purchase at the sale, being the agent of intervenor, whose property was sold. See *Shepherd* vs. *Perry*, 4 *Martin*, *N. S.*, 273-5.

3. He is not entitled to allowance for improvements, being a holder in *bad* faith; *La. Code*, 3414-16.

AS AGAINST PLAINTIFF:

1. Her title as legitimate daughter of the wife of intervenor is not established by legal or satisfactory proof.

2. The property in suit was not community property of Nicholls, the intervenor, and his wife; one of the lots is clearly proved to have been purchased by intervenor at a sale under a judgment in his favor against Hayward Pierce, for a debt due anterior to the marriage.

*Martin*, *J.* delivered the opinion of the court.

The plaintiff's wife, Edna Wood, claims to be the sole heir of her late mother, who had intermarried with one Reuben Nicholls; and as such alleges she is the owner of the undivided half of two lots of ground in New Orleans, acquired by the husband of her mother, during marriage, making part of the community property at her mother's death, and which is now in the possession of the defendant. The defendant pleaded the general issue; and denied the heirship of the plaintiff's wife; or that any community of property ever existed between the plaintiff's mother and Reuben Nicholls; that she was not his lawful wife, having been previously married to another; and that the marriage alleged to have existed between them was null. The defendant further averred that he was the lawful owner of said lots, having acquired them by purchase in his own right at sheriff's sale; that he holds under Reuben Nicholls, who had bought them with his own funds, belonging to

EASTERN Drs.
May, 1841.

GERMAN ET UX.
vs.
NICHOLLS ET AL.

him individually, and they never entered into the community, if any ever existed between the plaintiff's mother and said R. Nicholls.

When the cause was at issue, Reuben Nicholls intervened; opposing both plaintiff and defendant, alleging the lots in question to be his property. He states that being about to leave the State temporarily, he made a simulated sale of said lots to the defendant, Nathan Nicholls, in whose possession he placed them for the sole purpose of protecting them in his absence, and taking a counter letter accordingly. But in violation of his trust, the said Nathan had the lots sold by the sheriff to satisfy a judgment existing against him at the time of the simulated sale; although he had provided the said Nathan Nicholls with funds out of which he had bound himself to discharge and pay off said judgment.

The District Judge was of opinion from the evidence that the plaintiff's wife was not the sole heir of Mrs. Nicholls, but that there was a son also who must divide the inheritance. There was judgment in favor of the plaintiff for only one undivided fourth of the lots, with her proportion of the rents and profits, and against the intervenor, from which he alone appealed. But the parties have joined in an agreement that the whole case might be determined in this court, in the same manner as if either or both of the original parties had appealed.

We will first notice the petition of intervention. The District Judge was of opinion that the intervening party must suffer from his ill-placed confidence in the fidelity of the person to whom he made a simulated sale of the property. That his title in the lots was divested by the sheriff's sale; especially as that sale was made with his consent and co-operation, as is proved by his own witness, Burroughs: And it no where appears that the defendant had any funds of the intervenor, with which he might have paid off the judgment, under which this property was sold.

On the other hand the counsel for the defendant strenuously urges that the present case is not such an one, as respects the claim of the intervenor, in which a court of justice will lend its aid; that the rights of the intervenor, admitting he has any, arose *ex turpi causa, ex dolo malo*, and that the possession of the defendant ought to be protected.

EASTERN DIS.
*May*, 1841.

GERMAN ET UX.
*vs.*
NICHOLLS ET AL.

As the case is now presented to us, we do not think proper to decide further between these parties, than to dismiss the petition of intervention; leaving them to the litigation of any rights they may have in relation to the matters in contestation between them, hereafter.

The plaintiff's wife has fully shown that she is the lawful daughter of her mother while the latter was the wife of James Wood, and born in wedlock; and that the mother after the death of Wood intermarried with Reuben Nicholls, who acquired the property in controversy during said marriage.

The plaintiff's counsel complains, in this court, that judgment was given for only one-fourth of the premises claimed, when it should have been for one undivided half. The District Judge was however of opinion that the plaintiff's wife was not the sole heir of her mother, but that the latter had a son who is also heir. The evidence shows that the mother was unmarried when she had this son, and that he is, if living, illegitimate. These facts were proved by evidence which was received without objection.

The District Judge was therefore in error in concluding that the plaintiff's wife was not the sole heir. For even if the son were living, he is shown to be illegitimate and cannot inherit with his legitimate sister. She is therefore entitled to one undivided half of the lots in controversy. It has been further urged by the defendant's counsel, that one of the lots was purchased by Reuben Nicholls at a sheriff's sale, under an execution which issued on a judgment which was his private property. This does not prevent the lot when purchased, from becoming community property; although it may entitle

The legitimate daughter will inherit the property of her deceased mother to the exclusion of an illegitimate son, not born in wedlock.

EASTERN DIS. him to the price which he paid, as a charge, in the settlement
May, 1841. of the community.  The other lot appears to have been pur-
GERMAN ET UX. chased and acquired in the ordinary course of business during
vs.
NICHOLLS ET AL. the marriage and is clearly community property.

Property pur-
chased   under
the   husband's
own        judg-
ment becomes a
part of the com-
munity;   altho'
it  may  entitle
him to the *price*
which he  paid
for  it,  as  a
charge  in  the
settlement of the
community.

It is therefore ordered, adjudged and decreed that the judg-
ment of the District Court be annulled, avoided and reversed;
and proceeding to give such judgment as, in our opinion, should
have been rendered in the court below: It is ordered, and ad-
judged that the plaintiff, Edna Wood, wife of Thomas Ger-
man, do recover of the defendant the one undivided half of
two lots af ground, described in the petition; to be partitioned
according to law: allowing the defendant the estimated value
of the improvements and buildings made by him on that por-
tion of the lots which may in the partition be given to the
plaintiff: And it is further ordered and adjudged that said
plaintiff do recover of the defendant rent at the rate of fifteen
dollars per month from the 26th of May, 1835, the date of ju-
dicial demand, until the delivery of possession of the one undi-
vided half of said lots to the plaintiff: And that the cause be
remanded for the purpose of making a partition and ascertain-
ing the value of the improvements and amount of rent ac-
crued: That the intervention be dismissed at the costs of the
intervenor; reserving any rights that may exist between him
and the defendant; the latter paying the costs of the appeal.