JOSEPH DAMONT *v.* NEW ORLEANS AND CARROLLTON RAILROAD COMPANY.

Where cars pass their usual stopping place, and to avoid being carried beyond his destination, a passenger, when they are in motion, jumps out, and in doing so sustains an injury, he cannot recover. Such an act of imprudence relieves the Company.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J.
*Ogden & B. C. Elliott,* for plaintiffs.   *Benjamin, Bradford & Finney,* for defendants and appellants.

CAMPBELL, J.   (SLIDELL, C. J., and BUCHANAN, J., dissenting.)   This suit was instituted by the plaintiff on behalf of his daughter, to recover damages for injuries to her person, resulting, as is alleged, from the negligence and misconduct of the servants of the company.   The verdict of the jury was in favor of plaintiff, assessing the damages at $7000.

Upon the facts proved, the counsel for the defendants asked the court to charge the jury as follows:

1.   That the jury cannot find a verdict for the plaintiff unless they are convinced from the evidence before them that the plaintiff's daughter was injured by some fault or negligence on the part of defendants or their servants.

2.   That if the jury believe, from the evidence before them, that the accident was caused either wholly or partially by the imprudence of the plaintiff's daughter, or that if she had acted with ordinary care or prudence, she would not have been injured, then the jury must find for the defendants, although they believe that the accident was partly the result of the fault or neglect of the defendants or their servants.

3.   That it is the duty of the jury to examine the evidence in order to ascertain whether the plaintiff's daughter committed any fault or imprudence which contributed to the accident; and if they find that such fault or imprudence existed on her part, they must find for defendants.

4.   That even if the jury believe from the evidence before them that the cars were in the habit of stopping regularly at the place where the accident occurred, and that the cars did not on this occasion make the usual stop, still, if the daughter of the plaintiff imprudently jumped down while the cars were in motion, the plaintiff cannot recover.

The court charged the jury in accordance with the first, second and third points submitted on behalf of the defendants, with the following modifications:

"The plaintiff cannot recover damages for the accident if that accident should appear to the jury, under the evidence, attributable to the imprudence of the plaintiff's daughter; but that this charge may not be misunderstood by the jury, it is deemed proper to state the following hypothetical case:   If the jury should find it proved that the railroad train did not stop at a place where it was in the habit of stopping, and that a passenger, bound to that place jumped out rather than be carried beyond his destination, said jumping out, although probably imprudent, would not absolve the railroad company from damages in case he should be hurt, because the accident would be the result of the fault or negligence of the servants of the company in not stopping the train.

"Again, the court in its charge to the jury reviewed the various decisions quoted in argument relating to steamboat collisions, and to railroad accidents,

DAMONT
v.
CARROLLTON R. R.

and observed that a distinction was to be taken between the two classes of cases, arising from the obvious difference of comparative force of two steamboats in the one case, and of a railroad train and an individual in the other case."

In the refusal of the court to charge as requested, and also to the charge actually given, the defendants excepted.

The exception we think well taken. If the daughter of plaintiff voluntarily jumped from the cars when in motion, even though it was the constant habit of the company to stop at that place, the leap not being made to avoid an imminent impending peril, produced by the misconduct of defendants, but to avoid being carried beyond her destination, she was herself guilty of such imprudence as relieves the company from the consequences of the want of caution on the part of their servants; for in such a case the accident may be attributed to the fault of both parties, which would destroy plaintiff's right to recover. See *Fleytus* v. *Pontchartrain Railroad Company*, 17 La., 340 ; *Lesseps* v. *same*, 18 La., 361.

Even though there be fault on the part of the defendant, it has been held that plaintiff cannot recover, if the injury could have been avoided by the exercise of ordinary caution; *a fortiori*, then, can he not recover if by his imprudence, negligence or fault he has contributed to bring about the injury. 3 Meeson & Wellsby, 242.

The case of *Aspell* v. *Pennsylvania Railroad Company* recently decided in the Supreme Court of Pennsylvania, is in most respects similar to this. As reported in the journals of the day,* it is as follows:

"The plaintiff was a messenger in the defendant's cars from Philadelphia to Morgan's corner. The train should have stopped at the latter place, but some defect in the bell-rope prevented the conductor from making the proper signal to the engineer, who therefore went past, though at a speed somewhat slackened on account of the switches which were there to be crossed. The plaintiff, seeing himself about to be carried on, jumped from the platform of the car, and was seriously hurt in the foot. He brought this action, and the jury, with the approbation of the court below, gave him fifteen hundred dollars in damages. On the appeal, Chief Justice Black, delivering the opinion of the Supreme Court, said :

"The remark that life and death should not be weighed against time is true, and the plaintiff should have thought of it when he set his own life on the hazard of such a leap for the sake of getting to the ground a few seconds earlier. Locomotives are not the only things that may go off too fast, and railroad accidents are not always produced by the misconduct of agents. A large portion of them is caused by the wrecklessness of passengers. This is a great evil, which we would not willingly encourage by allowing a premium on it to be extorted from companies. However bad the behavior of those companies may sometimes be, it would not be corrected by making them pay for faults not their own.

"The Court should have instructed the jury that the evidence, taken altogether, or even excluding that for the defence, left the plaintiff without the shade of a case.

"Judgment reversed and *ven. fa. de. nov.* awarded."

Being of opinion that the instructions asked for by defendant should have been given, and that so much of the charge as is embraced in the hypothetical case put by the Judge, is erroneous and calculated to mislead the jury, it is ordered that the judgment appealed from be reversed, and this case remanded

---

*From National Intelligencer, May 25th, 1854, Vol 55, No. 8025.

for a new trial, with directions to the District Judge to charge the jury as DAMONT
requested by defendants' counsel and in conformity with the principles herein CARROLLTON R. R.
set forth. The costs of appeal to be paid by plaintiff.

BUCHANAN, J., dissented.

SLIDELL, C. J., (dissenting.) I concur in the opinion of Mr. Justice Campbell as to the erroneousness of a portion of the charge to the jury.

I do not think, however, the cause should be remanded. I think the unfortunate accident was attributable to the imprudence of the plaintiff.

It is proper to observe that the plaintiff has not sustained the allegations of the petition, that she informed the conductor of the cars that it was her purpose to go to Greenville and there get out. I also deduce from the testimony that Greenville was an occasional but not regular and uniform stopping place.

My conclusion that a case of liability is not made out is formed upon a careful perusal of the evidence; and when such is the case, I think a cause should not be remanded.